UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cr-00183-TWP-DML |
| | ) |
| ARTHUR MILES, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER ON GOVERNMENT'S SEALED MOTION *IN LIMINE*__**

This matter is before the Court on a Sealed Motion *in Limine* filed by Plaintiff United States of America (the "Government"), seeking to exclude questioning regarding a 2004 disciplinary action of one of the Government's law enforcement witnesses ("LE Witness") (Filing No. 154). Defendant Arthur Miles ("Miles") is set to be tried by jury on March 7, 2022, for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). For the following reasons, the Court **grants** the Government's Sealed Motion *in Limine*.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners*, 831 F. Supp. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

The Government seeks a preliminary ruling regarding the inadmissibility of questioning pertaining to a 2004 disciplinary action involving LE Witness ([Filing No. 154](#)). The relevant facts are as follows:

> On July 8, 2004, complaints were made that [LE Witness] had interfered in a street officer[']s investigation of a domestic violence case. [LE Witness] radioed responding officers and asked that they leave the scene of the domestic assault and to make no report. Officers responded 10-8 no report. There was a No Contact Order in place. [LE Witness] also approached a prosecutor on another case involving this same person stating that the suspect was his CI [confidential informant] and asked that the suspect be released on no bond so that he could get out of jail and work off his cases.

([Filing No. 154-1 at 4](#).)

In October 2004, following the Indianapolis Metropolitan Police Department's disciplinary board review, the board sustained violations against LE Witness. *Id.* at 7–8. A special report from LE Witness's superior officer noted that he had "no prior disciplinary action." *Id.* at 12. Ultimately, LE Witness was issued a written reprimand for his violations. *Id.* at 4.

The Government argues that the 2004 disciplinary action is not material, not substantially relevant, and unfairly prejudicial and, therefore, should not be admitted during Miles' trial ([Filing No. 154 at 7](#)). The Government notes this issue regarding this same LE Witness was "recently examined and excluded by both Judge Hanlon and this Court," and it requests a similar ruling to

2

"avoid inconsistent rulings within the District." *Id.* at 4. Because the probative value of the evidence is "marginal at best" and is substantially outweighed by the danger of unfair prejudice given the length of time since the disciplinary action and the events surrounding it occurred, the Government contends the evidence should be deemed improper impeachment evidence, and the Court should preclude its admission.

The Court finds that any probative value of the 2004 disciplinary action is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues. The basis of the disciplinary action can hardly be said to be related to LE Witness's character for truthfulness, and the length of time since the events occurred significantly diminishes its relevancy and probative value. The fact that only a written reprimand was issued to LE Witness lends credence to the "minor nature" of the disciplinary action and the underlying events ([Filing No. 154 at 10](#)). In sum, the high risk of unfair prejudice and confusion to a jury resulting from the admission of the 2004 disciplinary action weighs in favor of exclusion. *See Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (permitting the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Because Miles has not responded to the Government's request by this stage, the Court presumes no opposition on his part. Orders *in limine* are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). In the event Miles later wishes for the Court to change its ruling, he must be prepared to explain what specific facts or circumstances provide the basis for seeking admission of this potential impeachment evidence. *See Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999)

3

("A judge who expresses a tentative or conditional ruling can by that step require the parties to raise the issue again at trial."). The Court **grants** the Government's Motion.

### III.   CONCLUSION

The Government's Sealed Motion *in Limine* (Filing No. 154) is **GRANTED**. The Court therefore **ORDERS** that Miles' counsel **SHALL NOT** reference, imply, argue, ask questions about, or attempt to introduce evidence relating to LE Witness's 2004 disciplinary action. The Government's Motion shall remain **SEALED** on the docket. An order *in limine* is not a final, appealable order. If Miles believes that evidence excluded by this Order becomes relevant and admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.

**SO ORDERED.**

Date:   2/16/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov

4