UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:19-cr-00183-TWP-DML |
| ARTHUR MILES, | ) ) ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION *IN LIMINE INSTANTER*

This matter is before the Court on a Motion for Leave to File a Motion *in Limine Instanter* filed by Defendant Arthur Miles ("Miles") (Filing No. 170). Miles is scheduled for jury trial on March 7, 2022, for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). For the following reasons, the Court **grants** leave to file the Motion *in Limine* but **denies** the Motion *in Limine*.

### I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved

in context. *Hawthorne Partners*, 831 F. Supp. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

Miles asks the Court for a preliminary ruling excluding from trial statements that he allegedly made to law enforcement officers following his arrest. Miles asserts,

> On Wednesday, February 9, 2022—five (5) days after pretrial filings deadline and one week before the final pretrial conference in this cause—the government for the very first time put the defense on notice that Miles allegedly made a statement to law enforcement prior to his arrest—despite a request for disclosure of any outstanding Rule 16 discovery on April 28, 2021. On February 9, 2022, the government advised the undersigned [that] Arthur Miles made a brief post *Miranda* statement stating he lived at the residence and owned the vehicle.

([Filing No. 170 at 1](#) (internal quotation marks omitted).)

On April 28, 2021, defense counsel requested of the Government, any outstanding Rule 16 discovery and then wrote to the Government on January 30, 2022, asking about the bedroom in the residence the Government contends belongs to Miles.  Specifically, Miles requested any evidence linking him to the bedroom. On January 31, 2022, the Government responded that among many pieces of evidence, the gas bill in the bedroom was addressed to Miles. However, the Government did not disclose at that time any alleged statements made by Miles about living in the residence.  Miles further argues that, while the Government asserts that the statements were in the complaint, a criminal complaint is not evidence.  *See, e.g.*, *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence.").  Miles contends that the discovery the Government produced, specifically the DEA6 report, explicitly stated that Miles did not make a post-*Miranda* statement.  Miles denies making any statements to the police,

2

and he argues that the Government has not produced any audio recordings of any alleged statements.

> Miles further argues,
>
> Alternatively, any alleged statements should be suppressed. The government contends that Miles made these alleged statements after he was read his *Miranda* warnings. The government must establish that Miles' alleged waiver was voluntary, knowing, and intelligent. It has provided no such evidence to the undersigned. Additionally, Mr. Miles contends that if any alleged statements were made, they occurred prior to his *Miranda* warnings being read to him, but after he was in custody and in response to law enforcement interrogation.

([Filing No. 170 at 4](#).)

> The Government responds,
>
> The defendant claims that he was not provided information of his prior statement consistent with Rule 16. However, this argument fails. The defendant has been given notice of his statement since the first moments of this case. The complaint affidavit, filed on May 2, 2019, clearly state[s] Miles provided a post-*Miranda* statement. "Arthur MILES made a post-*Miranda* statement stating he was the sole occupant of 3243 Brouse Ave and the silver Honda Van belonging to him." Dkt. 2, paragraph 16. Therefore, the defendant cannot claim surprise when he has had this documentation for thirty-one months.

([Filing No. 172 at 2](#)) (emphasis in original).

The Government asserts that the criminal complaint affidavit contained in Docket No. 2 contains documentation of Miles' statement in a sworn affidavit from a law enforcement officer, contrary to Miles' assertion that the Government has not produced anything in writing by a law enforcement officer. In response to Miles' contention he has not received a recording of any statement, the Government explains that is because there is no recording to provide. Because Miles' statement was previously disclosed to him on May 2, 2019, there has been no discovery violation of Rule 16.

The Government notes the criminal complaint contains the entirety of the relevant oral statement made by Miles. The DEA6 report clearly states that Miles invoked his right to speak to

3

an attorney when arrestee processing was being conducted. The report provides notice that Miles was read his *Miranda* rights both at the scene and then later when being processed. Contrary to Miles' claim, the report does not state that Miles never provided a statement. The Government argues that Miles has had notice of his statement for the entire pendency of the case, so his statement should not be excluded.

> As to Miles' alternative request for suppression, the Government asserts,
>
> The complaint affidavit in this matter specifically addresses the voluntariness of the defendant's waiver. "TFO Jones read *Miranda* Warning and a copy of the federal search warrant to each individual. Christopher DEEREN and Arthur MILES both stated verbally they understood their *Miranda* Warnings and the search warrant." Dkt. 2, paragraph 14. This documentation clearly shows the waiver was knowing and voluntary.

([Filing No. 172 at 4](#)) (emphases in original). And the Government does not seek to introduce any pre-*Miranda* statements, only Miles' single post-*Miranda* statement, so suppression is not warranted.

The Government's position is well-taken, and suppression or exclusion of Miles' statement is not warranted. The DEA6 report specifically states that a law enforcement officer "read Miranda Warnings and copy of the Federal Search Warrant to all of the individuals taken into custody," which included Miles, and "[e]ach verbally stated they understood what TFO Jones had read." ([Filing No. 170-2 at 3](#), ¶ 17.) The DEA6 report further states that Miles was later transported to "IDO" where an officer "conducted all of the arrestee processing including ascertaining a signed DEA-13 Advise of Rights Form from . . . Miles . . . ." *Id.* at 4, ¶ 21. The report notes, "Miles and Grandberry invoked their rights to speak with an attorney." *Id.* Nowhere in the DEA6 report does it state that Miles did not make a statement to law enforcement officers.

The criminal complaint and sworn affidavit filed in this Court on May 2, 2019, state, "TFO Jones read Miranda Warnings and a copy of the federal search warrant to each individual.

4

Christopher DEEREN and Arthur MILES both stated verbally they understood their Miranda Warnings and the search warrant." (Filing No. 2 at 7, ¶ 14) (emphases in original). "Arthur MILES made a post-Miranda statement stating he was the sole occupant of 3243 Brouse Ave and the silver Honda Van belonged to him." *Id.* at 8, ¶ 16.

The DEA6 report and criminal complaint and affidavit provide sufficient evidence that *Miranda* warnings were given to Miles, and he understood his rights. The criminal complaint and affidavit indicate that Miles knowingly and voluntarily waived his rights concerning a post-*Miranda* statement and that he made such a statement. And the criminal complaint and affidavit provided Miles with notice of the statement nearly three years ago. Therefore, suppression or exclusion of Miles' statement is not warranted.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** leave for Miles to file the Motion *in Limine* but **DENIES** the Motion *in Limine* (Filing No. 170). An order in *limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 2/17/2022

*[Signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov