UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cr-00183-TWP-DML |
| | ) |
| ARTHUR MILES, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON GOVERNMENT'S MOTION *IN LIMINE* DKT. 150

This matter is before the Court on a Motion *in Limine* filed by Plaintiff United States of America (the "Government"), seeking a preliminary ruling regarding the admissibility of Rule 609 prior conviction evidence (Filing No. 150). Defendant Arthur Miles ("Miles") is set to be tried by jury on March 7, 2022, for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Filing No. 65). For the following reasons, the Court **denies** the Government's Motion *in Limine*.

### I.   LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners*, 831 F. Supp. at 1400–01. Moreover, denial of a motion *in limine*

does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.  DISCUSSION

The Government seeks a preliminary ruling regarding the admissibility of Rule 609 prior conviction evidence. Rule 609 of the Federal Rules of Evidence allows evidence of prior convictions to be used for impeachment purposes in certain circumstances.

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> . . .
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . .

Fed. Rule of Evid. 609(a).

Rule 609(b) explains that if more than ten years have passed since the conviction (or release from confinement for the conviction), then the probative value of the evidence must *substantially* outweigh its prejudicial effect in order for the evidence to be admissible.

The Seventh Circuit has directed courts to consider the following factors when determining whether to allow Rule 609 evidence of prior convictions: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002).

Miles has the following criminal history: (1) convicted of felony Dealing in Cocaine or Narcotic Drug on February 14, 2008, sentenced to term of imprisonment of 15 years, and released from imprisonment on April 19, 2016; and (2) convicted of felony Possession of Hash Oil/Marijuana/Synthetic Drug on May 6, 2013, sentenced to 730 days imprisonment, and released from imprisonment on April 19, 2016. Miles was released from imprisonment for these felony convictions within the last ten years—approximately six years ago.

The Government argues that the balancing factors weigh in favor of admitting evidence of Miles' prior convictions. The fact that Miles has felony convictions has impeachment value. All prior convictions for Miles that the Government seeks to admit for impeachment are within ten years of his release from confinement to the commencement of the charged offenses. The Government contends that, should Miles testify, it likely will be his only evidence. It will also likely controvert the direct testimony of eyewitnesses. As such, Miles' credibility will be central to his defense, which increases the impeachment value of the convictions.

The Government concludes,

> Moreover, the government must prove beyond a reasonable doubt that Miles was [a] felon prior to possessing the firearm. Whether this is accomplished by a stipulation or evidence set forth by the government, a felony conviction being admitted for impeachment purposes would not be new information to the jury that Miles has a prior felony conviction. At this time, it appears that there will be no stipulation; therefore, the nature of the defendant's prior convictions would be known to the jury as well. Accordingly, the prejudicial effect of the convictions is low.

(Filing No. 150 at 6.)

In his response in opposition to the Motion, Miles acknowledges that the first two factors weigh in favor of admitting his prior convictions—prior convictions have impeachment value and his release from confinement occurred within ten years of the charged offenses. However, Miles argues, the similarity between the past crimes and the charged crimes points to excluding the prior convictions because they are similar crimes, which would lead to the jury improperly considering

3

his past crimes as evidence of continuous criminal conduct—an improper propensity inference. And Miles asserts that a limiting instruction would not be sufficient to cure that improper inference.

Miles also argues that the last two factors—the importance of the defendant's testimony and the centrality of the credibility issue—weigh in favor of excluding evidence of prior convictions. Miles contends that he should be able to testify in his defense without fear that the Government will use his prior convictions against him. "Any testimony Mr. Miles can provide the jury will be relevant and introducing his prior convictions will merely prejudice his ability to present a complete defense." (Filing No. 162 at 4.)

The Court agrees with the Government's argument and Miles' acknowledgment that the first two factors weigh in favor of admitting his prior convictions—prior convictions have impeachment value and his release from confinement occurred only approximately six years before the charged offenses. The Government contends that, should Miles testify, it likely will be his only evidence, and it will also likely controvert the direct testimony of eyewitnesses, so his credibility will be central to his defense. However, the Court notes that Miles filed a witness list that stated he may call witnesses identified by the Government, (Filing No. 157), and he filed an exhibit list that identified fourteen exhibits that he may seek to introduce at trial, (Filing No. 156). Thus, Miles' testimony at trial (if he chooses to testify) might not be his only evidence. His credibility certainly would be an important issue. The Court notes that his credibility could be attacked using means other than his prior convictions. The Court concludes that these two factors do not weigh heavily toward either admission or exclusion.

The similarity between the past crimes and the charged crimes weighs strongly in favor of excluding Miles' prior convictions. The crimes are nearly identical, and admitting the details of the prior convictions would create a very high risk of leading to an improper propensity inference. The Court determines that the strength of this factor when weighed with the other factors leads to

the conclusion that the prejudicial effect of the details of the prior convictions outweighs the probative value of that evidence.

Furthermore, the Government based its argument, in part, on the fact that it must prove Miles has a prior felony for the Felon in Possession of a Firearm charges, so the jury will hear evidence of prior convictions, and "it appears that there will be no stipulation" regarding prior convictions. However, after the Government filed its Motion *in Limine*, the parties entered a stipulation regarding Miles' prior convictions and have submitted that stipulation to the Court (Filing No. 161).[1] For these reasons, the Court concludes that, at this stage of the litigation, the Government's Motion should be **denied**.

### III.  CONCLUSION

The Government's Motion *in Limine* (Filing No. 150) is **DENIED**. An order *in limine* is not a final, appealable order. If the Government believes that evidence excluded by this Order becomes relevant and admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.

**SO ORDERED.**

Date:  2/17/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov

---

[1] The parties' stipulation regarding prior convictions may be used during trial.