**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00183-TWP-DML |
| ) | |
| ARTHUR MILES, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT ARTHUR MILES'**
**MOTION FOR JUDGMENT OF ACQUITTAL**

This matter is before the Court on Defendant Arthur Miles' ("Miles") post-verdict Motion for Judgment of Acquittal. ([Filing No. 230](#).) Following a three-day jury trial that began on April 26, 2022, the jury returned a verdict finding Miles guilty as charged. Miles timely filed a Motion for Judgment of Acquittal, within fourteen days after the guilty verdict. He renews his motion under Federal Rule of Criminal Procedure 29(c)(1), which was originally submitted orally in open court following the close of the Government's evidence. Miles contends that the evidence presented at trial was insufficient for a jury to find him guilty on any of the counts charged. For the reasons stated below, the Motion is **denied**.

### I.   LEGAL STANDARD

Federal Rule of Criminal Procedure 29(a) states,

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Rule 29(c) states,

> A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is

later. . . . If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.

When considering a motion for judgment of acquittal,

[W]e ask whether at the time of the motion there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government. We must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

*United States v. Wilson*, 879 F.3d 795, 802 (7th Cir. 2018) (internal citations and punctuation omitted). "[T]he reviewing court must use its experience with people and events in weighing the chances that the evidence correctly points to guilt against the possibility of innocent or ambiguous inference." *Id.* The court "must not rend the fabric of evidence and examine each shred in isolation." *Id.*; *see also United States v. Wojtas*, 2018 U.S. Dist. LEXIS 242961, at *14 (N.D. Ill. June 25, 2018) ("In a circumstantial case like this one, each piece of evidence is not viewed in isolation, and drawing inferences from the collective weight of the evidence is not improper.").

The standard is "demanding for criminal defendants . . . and [the court] will reverse only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Maez*, 960 F.3d 949, 966 (7th Cir. 2020) (internal citations and quotation marks omitted). "Appellants raising insufficiency challenges face a nearly insurmountable hurtle." *United States v. Johnson*, 874 F.3d 990, 998 (7th Cir. 2017) (internal citation and quotation marks omitted). "Reversal under this standard is rare because we defer heavily to the jury's findings and review evidence in the light most favorable to the government." *Id.*

## II.   DISCUSSION

Miles was indicted in a Superseding Indictment for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), Possession with Intent to

Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. 65.) He proceeded to trial by jury beginning on April 26, 2022. After the Government rested its case-in-chief, Miles made a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). After hearing argument from the parties, the Court denied Miles' motion, and the case was submitted to the jury for deliberation. The jury deliberated and returned a guilty verdict on each count. (Filing No. 223.) In his renewed Rule 29 motion, Miles argues the Court should enter a judgment of acquittal because the evidence presented to the jury was insufficient to sustain a conviction. (Filing No. 230 at 3.) Miles also argues the jury was not instructed properly on the law regarding possession. *Id*. at 5.

Miles first points out that the four counts charged against him--Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Cocaine and two counts of Felon in Possession of a Firearm --each involved "knowingly" possessing contraband. He contends there was no direct evidence to demonstrate his possession of methamphetamine, cocaine or either of the two firearms that were recovered. Miles argues "[b]ecause of the lack of direct evidence, the government relied on a theory of constructive possession, which requires proof of a nexus between the defendant and the contraband. *United States v. Morris,* 576 F.3d 661, 666 (7th Cir. 2009)." *Id*. at 3. He contends that the Government did not establish that he had a substantial connection to any of the contraband discovered in this case. In particular, Miles argues:

> The only evidence presented that linked Mr. Miles to the Honda Odyssey van where a significant portion of the methamphetamine and cocaine was found was the testimony of TFO Jones and Kevin Steele regarding statements allegedly made by Mr. Miles that he owned the van. No evidence was presented that linked Mr. Miles to the basement where the firearms were located. No evidence was presented that specifically linked Mr. Miles to either bedroom where methamphetamine or cocaine was found. Mr. Miles was never observed with the methamphetamine or cocaine; he was never observed with the backpacks that were recovered in this case;

>no fingerprints or DNA was offered to show a connection between Mr. Miles and the contraband in this case.

*Id*. at 4.  Miles also argues the element of intent to distribute the drugs was not proven.  *Id*.

In response, the Government persuasively argues that it presented a significant amount of evidence against Miles at trial, and the Government sets forth that evidence in its briefing.  ([Filing No. 233 at 2-6](#).)

This Court may only reverse a jury verdict if "viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict."  *United States v. Murphy,* 406 F.3d 857, 861 (7th Cir. 2005).  As argued by the Government, there was a significant amount of evidence from which the jury could conclude that Miles possessed the drugs and firearms located in the Brouse Avenue residence, evidence that showed a substantial connection between Miles, the residence, and the contraband, and evidence to show Miles' intent to distribute drugs.

Miles argues that the *only evidence* linking him to the van --where a significant amount of drugs were found -- was the testimony of two officers that Miles stated to them that he owned the van.  But the officers' testimony presented some evidence against him.  A defendant's statements indicating a connection with the residence have been found sufficient to provide a substantial connection to a residence.  *United States v. Morris*, 576 F.3d 661, 668 (7th Cir. 2009).  In addition, the possession of a large amount of drugs supports an inference that the defendant intended to distribute the drugs.  *United States v. Smith*, 34 F.3d 514, 523 (7th Cir. 1994).  Here, the weight of the drugs recovered from Miles' residence was over 50 grams of actual methamphetamine and 124 grams of cocaine. Special Agent Cline testified these quantities constitute dealer quantities opposed to quantities for personal use.  The jury was presented evidence that over $10,000.00 in United States Currency, baggies, digital scales, cutting agents, cutting boards, a kilopress,

4

blenders, surveillance system, motion detected flood lights, reinforced security doors, measuring cup, gloves, cannisters to conceal drugs, and firearms, were recovered during the search. The jury was also provided evidence of video recordings of multiple people coming to and from the residence for short periods of time. (*See* Trial Exhibits 13, 16, 19, 24, 28, 30, 35, 34, 37, 41, 44, 45, 43, 49.) Special Agent Cline's testimony, the testimony of the other witnesses, and the exhibits admitted at trial provided some evidence to prove the element of distribution.

Finally, Miles argues the jury was not properly instructed as to the law regarding constructive possession. This argument is not persuasive as a basis for a judgment of acquittal. The Court gave the pattern jury instruction as to constructive possession, which accurately states the law.

When viewing the evidence presented at trial in the light most favorable to the Government, the Court finds that the Government has presented sufficient relevant evidence from which the jury could reasonably find Miles guilty beyond a reasonable doubt.

### III.  CONCLUSION

For the reasons previously stated on the record, and in this Entry, the Court concludes that sufficient direct and circumstantial evidence was presented at trial for a rational jury to have returned verdicts of guilty of Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Cocaine, and two counts of Felon in Possession of a Firearm. Accordingly, Miles' renewed Motion for Judgment of Acquittal (Filing No. 230) is **DENIED**.

**SO ORDERED.**

Date: 6/3/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Finis Tatum IV
HOOVER HULL TURNER LLP
ftatum@hoverhullturner.com

Janet Lynn Wheeler
TATUM LAW GROUP
jwheeler@tlgindy.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov