**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

UNITED STATES OF AMERICA,    )
       )
      Plaintiff,    )
       )
    vs.    )    **S.D. Ind. Case No. 1:19-cr-183-DWD**
       )    **7th Cir. Case No. 24-1186**
ARTHUR MILES,    )
       )
      Defendant.  )

**MEMORANDUM & ORDER**

Before the Court is the parties' Joint Motion for Resentencing. (Doc. 354). Prior to specifically addressing that Joint Motion, the Court briefly recounts the history of this case. On April 28, 2022, after a 3-day trial at which Defendant was represented by CJA counsel, a jury in the Southern District of Indiana found him guilty of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count I), possession with intent to distribute cocaine under § 841(a)(1) and (b)(1)(C) (Count II), and being a felon in possession of firearms under 18 U.S.C. § 922(g)(1) (Counts III & IV). (Docs. 65, 216, 223, 219, 220). On May 12, 2022, Defendant filed a Renewed Motion for Judgment of Acquittal, which was denied on June 3, 2022. (Docs. 230 & 234).

On October 3, 2022, Defendant was sentenced to a total of 240 months of imprisonment, which consisted of concurrent terms of 240 months on Count I, 120 months on Count II, 60 months on Count III, and 60 months on Count IV. (Doc. 268). Defendant filed an appeal and, on November 13, 2023, the Seventh Circuit remanded the matter for the vacatur of one of the firearm sentences and the merger of the two firearm

convictions. (Doc. 288); *U.S. v. Miles*, 86 F.4th 734, 738 (7th Cir. 2023). On January 2, 2024, Chief Judge Tanya Walton Pratt, who presided over Defendant's jury trial, carried out the Seventh Circuit's mandate and entered an Amended Judgment. (Docs. 298 & 299). Defendant was resentenced to a total of 240 months of imprisonment, which consisted of concurrent terms of 240 months on Count I, 120 months on Count II, and 60 months on Count III. (Doc. 299). Defendant again filed an appeal, which remains pending. (Doc. 303).

On September 27, 2024, while that second appeal remained pending in the Seventh Circuit, Chief Judge Pratt entered the following Notice:

> As Chief Judge of the United States District Court of the Southern District of Indiana, I received notice from United States Attorney Zachary Myers that he believes his office potentially engaged in improper *ex parte* communication with the presiding Judge in this case. Mr. Myers reports that the communication occurred in the context of a supervisory Assistant United States Attorney soliciting feedback regarding the trial performance of the Assistant United States Attorney(s)—there was no communication related to the merits or substance of the case. Mr. Myers further explains that at the time of the *ex parte* communication, the trial was over and the sentence had not yet been imposed.
>
> The Court is providing this notice to allow any party an opportunity to respond, if requested.

(Doc. 331).

On October 4, 2024, the United States Attorney for the Southern District of Indiana, Mr. Zachary A. Myers, filed the following Supplemental Notice on the docket:

> 1. In August 2024, I became aware that a potential *ex parte* conversation had occurred between an Assistant U.S. Attorney and a District Judge in relation to a case in this district.
>
> 2. For the following few weeks, I worked with Assistant U.S. Attorneys and other Department attorneys to identify any cases in which

similar conversations occurred. We then prepared disclosures to send to defense counsel in those cases, which included this case.

3. On September 26, 2024, as a professional courtesy, I notified the Chief Judge of the need for the disclosures. That administrative conversation was short and limited in scope. I provided her a list of known affected cases and stated that, although I had not participated in any of the subject conversations, my understanding was that their primary purpose was to obtain feedback on the performance of the Assistant U.S. Attorneys who handled each trial. As I had not participated in the subject conversations, I did not offer any general or specific information regarding the contents of the conversations, only the primary purpose for the meetings.

4. On September 27, 2024, I sent disclosures to defense counsel in each affected case. The same day, the Chief Judge issued a Notice in each case, and this filing provides additional information to supplement and clarify both those disclosures and the Chief Judge's Notice. Although not attached, the Chief Judge's Notices are available on each case's respective docket.

(Doc. 333).

Following the entry of the above Notices in the Southern District of Indiana, on November 4, 2024, Defendant filed an unopposed Motion to Remand for an Evidentiary Hearing in the appeal pending with the Seventh Circuit. *U.S. v. Miles*, No. 24-1186, Doc. 25-1 (7th Cir. Nov. 4, 2024). Defendant argued the Motion should be granted due to "unanswered questions" about "the recently disclosed improper *ex parte* communications between the United States Attorney's Office and the presiding district court judge," which occurred approximately 2.5 hours after Defendant's jury trial and were attached for the Seventh Circuit's review. *Id.* at Docs. 25-1, pgs. 1, 6-12; 25-2, pg. 2.[1]

---

[1]The disclosed *ex parte* communications consist of the two following email messages:

On November 19, 2024, the Seventh Circuit granted Defendant's unopposed Motion to Remand for an Evidentiary Hearing. (Doc. 334). The Seventh Circuit ordered as follows: "[T]his case is remanded for an evidentiary hearing on the matters identified in the motion. This court will retain jurisdiction over this appeal pending the outcome of the hearing." (Doc. 334) (Emphasis in original omitted.).

The next day, November 20, 2024, Chief Judge Pratt recused from the case under 28 U.S.C. § 455. (Doc. 335). The case was reassigned to District Judge James Patrick Hanlon, who ordered: "the parties shall each file a position statement under Local Rule 16-2 addressing at least (1) whether that party seeks recusal of the undersigned judge, (2) the potential for relief in this Court that may moot the need for the evidentiary hearing, and (3) the timing and anticipated length of the evidentiary hearing." (Docs. 336 & 338).

On December 10, 2024, Defendant filed a Position Statement. (Doc. 342). He sought the recusal of District Judge Hanlon and of all the other judges in the Southern District of Indiana. (Doc. 342, pgs. 1-3). Further, Defendant asked that the case be reassigned to an out-of-district judge. (Doc. 342, pg. 1). Defendant stated this relief would facilitate a full

---

From USAO employees to the Chief Judge's courtroom deputy on April 28, 2022, at 5:51 p.m.: "If Judge is willing, Nick, Michelle, and I would like to speak with Judge Pratt about the Miles trial that just concluded. If Judge is willing, would you send us some dates and we'll make ourselves available? Thank you for your help.

From the Chief Judge's courtroom deputy to the USAO employees on April 29, 2022, at 8:38 a.m.: "Chief Judge Pratt is traveling for the next several days. She has a couple time slots open on Thursday May 5 at 9:30 or 11:00 a.m.? I'm assuming this would be a half hour or less? She is also available Thursday, May 12 between 9 and 10:30 and again that same afternoon between 2:30 and 4 p.m. Let me know what works best for you and I will get it on her calendar."

*Miles*, No. 24-1186, Doc. 25-2, pg. 2.

resentencing by an out-of-district judge and "moot the need for an evidentiary hearing,"
as ordered by the Seventh Circuit, after "extensive discovery." (Doc. 342, pgs. 3-5).

The Government filed its Position Statement on January 23, 2025. (Doc. 349). While
it did not agree any improper communications occurred in this case, the Government did
not oppose Defendant's request for recusal and reassignment to an out-of-district judge
to "avoid[] even the appearance of impropriety or potential for bias." (Doc. 349, pg. 1).
The Government indicated, "[t]he parties have engaged in discussions about conducting
a resentencing hearing in front of an out-of-district judge and believe that it would
resolve this case short of an evidentiary hearing." (Doc. 349, pgs. 1-2). The Government
further indicated, "[t]he parties anticipate filing a joint motion for resentencing once the
question of judicial recusal has been determined." (Doc. 349, pg. 2).

That same day, January 23, 2025, District Judge Hanlon granted the unopposed
request for the case to be reassigned to an out-of-district judge. (Doc. 350). The Clerk of
the Court was directed to request that the Chief Judge of the Seventh Circuit designate
an out-of-district judge to preside over the case. (Doc. 350). Chief Judge Sykes designated
and assigned the undersigned district judge to the case on February 4, 2025, for such time
as may be required to complete unfinished business under 28 U.S.C. § 292(b). (Doc. 351).

Now, in the Joint Motion for Resentencing, the parties state as follows:

> Without conceding that any improper communications occurred in this
> case, and in the interest of avoiding even the appearance of impropriety or
> potential for bias, the government agrees with defense counsel that the
> appropriate remedy here is to conduct a full resentencing of Mr. Miles in
> front of this Court. Therefore, the parties have filed this joint motion for
> resentencing. A full resentencing will eliminate the need for an evidentiary

hearing on the *ex parte* communication issues.

(Doc. 354, pg. 3).

Since the Seventh Circuit has retained jurisdiction over the case, the parties indicated the Court cannot grant the Joint Motion for Resentencing at this time. (Doc. 354, pg. 3). However, they request that the Court provide an indicative ruling under Federal Rule of Appellate Procedure 12.1. (Doc. 354, pgs. 3-4); Fed. R. App. P. 12.1. In the parties' view, "[i]f the Court states it would grant the joint motion for resentencing, the parties would inform the Seventh Circuit and request the circuit court to issue a full remand for resentencing and release jurisdiction." (Doc. 354, pg. 4).

Under Rule 12.1(a), "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(a); *see also* Fed. R. Crim. P. 37(a)(3), (b). If a district court so states, then "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b); *see also* Fed. R. Crim. P. 37(c).

Here, the Court finds the parties are correct that it lacks the authority to grant the Joint Motion for Resentencing due to the scope of the Seventh Circuit's remand and its retention of jurisdiction over Defendant's pending appeal. However, in light of the above-discussed record, the Court finds it would be appropriate to resentence Defendant, which the parties agree would moot the need for an evidentiary hearing on the *ex parte*

communications. Accordingly, the Court **STATES** under Rule 12.1(a) that it would grant the Joint Motion for Resentencing if the Seventh Circuit remanded for further proceedings under Rule 12.1(b). *See U.S. v. Henderson*, 651 Fed. App'x 261, 262 (5th Cir. June 7, 2016) (finding the district court lacked the authority to vacate a sentence in order to resentence the defendant where "[t]he filing of a notice of appeal from the original judgment deprived the district court of jurisdiction…and the record d[id] not establish that the district court issued an indicative ruling in accordance with Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1"). The Clerk of the Court is **DIRECTED** to transmit a copy of this Memorandum & Order to the Seventh Circuit.

　　　　**SO ORDERED.**

　　　　Dated: February 21, 2025

　　　　　　　　　　　　　　　　　　*s/ David W. Dugan*
　　　　　　　　　　　　　　　　　　―――――――――――――――
　　　　　　　　　　　　　　　　　　DAVID W. DUGAN
　　　　　　　　　　　　　　　　　　United States District Judge