IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:19-cr-183-DWD |
| ) | |
| ARTHUR MILES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion for a Compassionate Release or Reduction of Sentence. (Doc. 384). The Government responded with a Sealed Motion to Dismiss the Motion for a Compassionate Release or Reduction of Sentence, arguing Defendant failed to exhaust administrative remedies. (Sealed Doc. 386). As stated below, the Government's Sealed Motion is **GRANTED** and Defendant's Motion is **DENIED without prejudice**.

### I. BACKGROUND

On April 28, 2022, after a 3-day trial with CJA counsel, Defendant was convicted by a jury in the Southern District of Indiana for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count I), possession with intent to distribute cocaine under § 841(a)(1) and (b)(1)(C) (Count II), and being a felon in possession of firearms under 18 U.S.C. § 922(g)(1) (Counts III & IV). (Docs. 65, 216, 223, 219, 220). On October 3, 2022, Defendant was sentenced to a total of 240 months of imprisonment, which consisted of concurrent terms of 240 months on Count I, 120 months on Count II, 60 months on Count III, and 60 months on Count IV. (Doc. 268).

Defendant appealed. On November 13, 2023, the Seventh Circuit remanded the matter for the vacatur of one of the firearm sentences and the merger of the two firearm convictions. (Doc. 288); *U.S. v. Miles*, 86 F.4th 734, 738 (7th Cir. 2023). On January 2, 2024, Chief Judge Tanya Walton Pratt, who presided over Defendant's jury trial, carried out the Seventh Circuit's mandate and entered an Amended Judgment. (Docs. 298 & 299). Defendant was resentenced to a total of 240 months of imprisonment, which consisted of concurrent terms of 240 months on Count I, 120 months on Count II, and 60 months on Count III. (Doc. 299). Defendant again appealed the sentence. (Doc. 303).

On February 5, 2025, while the appeal was pending, the undersigned was assigned to the case. (Doc. 352). After an indicative ruling on a Joint Motion for Resentencing by this Court and a remand by the Seventh Circuit, the undersigned resentenced Defendant. (Docs. 354, 356, 357). More specifically, on June 17, 2025, Defendant was resentenced to 240 months of imprisonment on Count I, 120 months of imprisonment on Count II, and 60 months of imprisonment on Count III. (Doc. 376). Each term of imprisonment was to run concurrently for a total of 240 months of imprisonment. (Doc. 376). Defendant was also sentenced to a term of supervised release of 5 years on Count 1 and 3 years on Counts 2 and 3. (Doc. 376). The terms of supervised release were to run concurrently for a total of 5 years. (Doc. 376). An Amended Judgment was entered on June 25, 2025. (Doc. 379).

Defendant has now filed a Motion for a Compassionate Release or Reduction of Sentence. (Doc. 384). The Government was directed by the Court to file a Response to that Motion. (Doc. 385). In response to that directive, the Government filed its own Sealed

2

Motion to Dismiss the Motion for a Compassionate Release or Reduction of Sentence. (Sealed Doc. 386, generally). The Court resolves the arguments in those filings below.

## II. ANALYSIS

Defendant, who is confined at FMC Devens in Ayer, Massachusetts, argues his kidney transplant, and certain complications related thereto, supports a compassionate release or reduction of sentence. (Doc. 384, pg. 1). He also suggests a compassionate release is warranted in light of his age and length of sentence. (Doc. 384, pg. 2).

In its Sealed Motion to Dismiss the Motion for a Compassionate Release or Reduction of Sentence, the Government invokes Defendant's failure exhaust administrative remedies. (Sealed Doc. 386, generally). It argues Defendant failed to provide documentation indicating he requested a compassionate release or sentence reduction, on the grounds contained in his Motion, with the Warden of Devens FMC. (Sealed Doc. 386, pgs. 1-2). By extension, the Government argues the Warden did not have an opportunity to consider Defendant's instant claims. (Sealed Doc. 386, pgs. 2-4).

Now, 18 U.S.C. § 3582(c)(1)(A)(i) provides as follows: "The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case--

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised

3

> release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction…
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

In light of this statutory provision, the Court must agree with the Government that Defendant's Motion for a Compassionate Release or Reduction of Sentence is not properly presented for a resolution. The Director of the Bureau of Prisons did not file a motion on Defendant's behalf. Moreover, the Government is correct that Defendant failed to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." *See id* at § 3582(c)(1)(A). On the current record, there is no indication that Defendant presented the particular claim for a compassionate release or sentence reduction, contained in the Motion pending before the Court, to the Warden of FMC Devens.[1]  That statutory prerequisite, which operates as an affirmative defense, may be relied upon by the Government. *See id.*; *U.S. v. Sanford*, 986 F.3d 779, 782 (7th Cir.

---

[1] The Court agrees with the Government that Defendant's prior request to the Warden of Devens FMC cannot, as a procedural matter, form the basis for the instant Motion for a Compassionate Release or Reduction of Sentence. (Sealed Docs. 386, pg. 3 n. 2; 386-1; 386-2). As noted by the Government, Defendant did not follow all appellate procedures for that request, he now raises a different ground for relief than in February 2024 (*i.e.*, a compassionate release due to a kidney transplant and related medical complications rather than a compassionate release based on kidney disease and the need for dialysis treatment), and his prior request pertained to a Judgment that has since been amended. (Sealed Doc. 386, pg. 3 n. 2).

2021) ("The statute plainly uses mandatory language [for the affirmative defense]: the court '*may not* modify a term of imprisonment' on the defendant's own motion (as opposed to one from the BOP) until 'after the defendant has fully exhausted all administrative rights to appeal' from the warden's denial of his request or 'the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier.' This is the language of 'a paradigmatic mandatory claim-processing rule.' ") (Emphasis in original) (internal citations omitted); *accord U.S. v. Williams*, 987 F.3d 700, 702-03 (7th Cir. 2021).

### III. CONCLUSION

For these reasons, the Government's Sealed Motion to Dismiss the Motion for a Compassionate Release or Reduction of Sentence is **GRANTED**. Defendant's Motion for a Compassionate Release or Reduction of Sentence is **DENIED without prejudice**.

**SO ORDERED**.

Dated: October 9, 2025

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

Distribution to all counsel of record via CM/ECF

Via U.S. Mail to:
Arthur Miles 17026-028
FMC Devens
Federal Medical Center
PO Box 879
Ayer, MA 01432